### LITTMANN v. HARRIS.

(Supreme Court, Appellate Division, First Department. December 1, 1911.)

CORPORATIONS (§ 548*)—FRAUDULENT CONVEYANCES—PROPERTY OF CORPORATION—EVIDENCE.

    While a suit was pending against a corporation, to which it apparently had no available defense, relatives of the defendant were elected officers of the corporation, apparently to make a transfer of its assets to defendant. The transfer was made while the suit was pending and rendered the corporation insolvent. The consideration was claimed to rest on past advances not clearly proved, and the amount of which was left uncertain; defendant having knowledge of all the circumstances surrounding the same. *Held* sufficient to cast on defendant the burden of proving that the transaction was bona fide, and that the consideration passing to the corporation was adequate, in a suit by the judgment creditor to set it aside.

    [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 548.*]

Appeal from Special Term, New York County.

Action by Morris Littmann against Frances A. Harris. From a Special Term judgment dismissing the complaint on the merits, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Wales F. Severance, for appellant.
Ignace I. Apfel, for respondent.

SCOTT, J. Plaintiff appeals from a judgment dismissing the complaint upon the merits. The action is by a judgment creditor of a corporation named "Francizca," and Frances A. Harris, formerly its president and one of its trustees. Plaintiff sued the corporation for wages on April 28, 1908. A defense was interposed, and the action came on for trial on June 16, 1909, when the defendant corporation defaulted and the plaintiff had a judgment. In March, 1909, while the aforementioned action (of which the defendant Harris had knowledge) was pending, the composition and management of the corporation was completely changed. Certain gentlemen who had theretofore been stockholders and trustees sold their stock to one Dann, a brother-in-law of the defendant Harris, and resigned as trustees. The defendant Harris also resigned as president, and Dann, her brother-in-law, was elected president in her place. He was then engaged in business in Brooklyn, and afterwards embarked in business in Philadelphia. It does not appear that he ever took any part in conducting the affairs of "Francizca," except to transfer all of its assets to the defendant Harris. At the same time that Dann was elected president, the father and sister of defendant Harris were elected trustees, so that the board of trustees was thereafter composed entirely of Mrs. Harris and members of her family.

All the assets of the corporation were thereupon transferred to the defendant Harris, as she expresses it, by "arrangement" with her brother-in-law, Dann. The fixtures were sold to her for the expressed consideration of $1,350, the stock on hand for an expressed consideration of $2,000, and the outstanding accounts for no definite consideration, so far as appears. It does not even appear what their amount was, or how much was collected upon them, although defendant Harris thinks that she collected about $300. There is no evidence as to the value of the fixtures, or as to the value of the stock, except that defendant Harris afterwards sold the goods at an advance of $300. The sole consideration, so far as appears, for these transfers to Mrs. Harris, was an alleged indebtedness to her from the corporation, of which no evidence was given, except her declaration that the corporation was indebted to her. Even the amount of this alleged indebtedness is not made clear, for she puts it on the trial at $3,400, while, when examined in supplementary proceedings, she had fixed it at $2,000.

In our opinion the evidence established prima facie a fraudulent transfer to defendant Harris. There were presented all the facts which are generally considered indicia of a fraudulent conveyance. First. The transfer was made while a suit for a considerable amount was pending against the corporation, to which it apparently had no available defense, since it permitted judgment against it to go by default. Second. The transaction stripped the corporation of all of its assets available to meet the demand of the creditor who was suing it. Third. The transfer rendered the corporation insolvent. Fourth. The whole transaction was had with relatives of the defendant Harris, who

had undoubtedly been elected officers and trustees to carry this very transaction through. Fifth. The consideration for the transfer to defendant Harris is sought to be found in past advances, not clearly proven, and the amount of which is left vague and uncertain. Sixth. All the circumstances were well known to the transferee. Lawrence Bros. v. Heylman, 111 App. Div. 848, 98 N. Y. Supp. 121, affirmed 189 N. Y. 573, 82 N. E. 1128; Riker v. Gwynne, 129 App. Div. 112, 113 N. Y. Supp. 404. These facts are certainly sufficient to cast upon the defendant Harris the burden of proving that the transaction was bona fide and that the consideration passing to the corporation was adequate. If the transfers were made in fraud of plaintiff's rights, the transferee in the present case was certainly cognizant of the intent.

It follows that the judgment appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.