MORRIS LITTMANN, Respondent, *v.* FRANCES A. HARRIS, Appellant,
Impleaded with FRANCIZKA, a Corporation.

*Fraud — transfer by insolvent corporation to former officer — rights of
creditors — burden of proof.*

Appeal by the defendant, Frances A. Harris, from a judgment of the
Supreme Court in favor of the plaintiff, entered in the office of the clerk
of the county of New York on the 18th day of May, 1912, upon the decision
of the court rendered after a trial at the New York Special Term.

Judgment affirmed, with costs, on opinion of Giegerich, J. Present —
Ingraham, P. J., McLaughlin, Laughlin, Clarke and Scott, JJ.

The following is the opinion of Giegerich, J.:

GIEGERICH, J.: It was held by the Appellate Division upon the appeal
from the judgment rendered after the first trial that the facts then adduced
in support of the plaintiff's case were sufficient to cast upon the defendant
Harris the burden of establishing the *bona fides* of the transfers to her.
(*Littmann* v. *Harris*, 148 App. Div. 31.) The same ruling must equally be
held to apply to the present record, unless in the course of her examination
and cross-examination as a witness for the plaintiff the suspicious features
of the case were sufficiently explained to relieve her from the necessity of
offering testimony on her own behalf — for none of any consequence was
offered by her after the close of the plaintiff's case. Upon this point, after
comparing the evidence on the present trial with the summary of the evi-
dence contained in the opinion of the Appellate Division, my conclusion
is that the defendant Harris is not in any materially better position than
she was on the first trial. There are too many contradictions between her
testimony on this and on former occasions, and the absence of books, rec-
ords and documentary evidence covering the period when the transfers
were made is too suspicious a circumstance to permit the acceptance of her
attempted explanations as satisfactory evidence; and the plaintiff was not
bound by her explanations. (*Becker* v. *Koch*, 104 N. Y. 394.) When a per-
son in substantial control of a corporation resigns his office, rids himself
of his holdings of stock and then acquires by transfer to himself all the
assets of the corporation, he must at least take care to provide himself with
and to preserve the clearest possible evidence that every step in the
transaction was unobjectionable and that creditors were not injured. The
defendant Harris has failed to sustain in this respect the burden which
the circumstances of the case cast upon her, and there must be judg-
ment for the plaintiff for the amount of his former judgment, with inter-
est, and with the costs of this action. (*Murtha* v. *Curley*, 90 N. Y. 372;
*Decker* v. *Decker*, 108 id. 128.) Submit, with proof of service, proposed
findings and judgment in accordance with these views.