## THOMAS v VIERING

Ohio Appeals, 9th Dist, Summit Co

No 2351.   Decided Oct 1, 1934

W. S. Hutchison, Akron, and A. W. Heintz, Akron, for plaintiff in error.

Slabaugh, Seiberling, Huber & Guinther, Akron, for defendant in error.

**344**

## OPINION

By STEVENS, J.

The specifications of error will be considered in the order of their presentation.

It is claimed by counsel for plaintiff that the trial court in the instant case refused to follow the law laid down by the Court of Appeals in the first review of this cause when said trial court in this action declined to give the special requests which were given at the first hearing and charged contrary thereto on the measure of damages, and that thereby error intervened. **Gohman v City of St. Bernard, 111 Oh St 726,** is cited as supporting this contention.

It is urged that, because, in the review of the first trial, this court did not specify that the trial court erred in giving said special requests and place the reversal upon that ground, therefore this court approved of said requests, and that such ruling established the law to be that such requests should be given in a retrial of the case.

It will be noted that the decision of this court was a reversal in favor of the defendants, and therefore, even if this court was in error in not finding said requests to be improper and in not making such error a part of the basis of such reversal, the defendants could not have a review of such ruling on said requests. If such review was not available to defendants, why should they be bound by such ruling in a retrial of the case?

Moreover, while in a sense it is true that when the Court of Appeals reverses a case upon one ground alone, it inferentially says that there were no other errors appearing on the record, it does not follow that the court thereby approves of everything else done in the first trial in the Common Pleas Court, to the extent of establishing all of the law of the case upon a second trial.

It is our understanding that the doctrine of "law of the case" may be invoked and applied only when the facts and issues, upon a second trial, "are substantially the same as those on which the first decision rested."

4 C. J., "Appeal and Error," §3075, pp. 1093 and 1095.

We do not find that to be the situation pertaining here. There are substantial and material differences between the facts and issues presented in the first trial of this cause in the Common Pleas Court, and those presented when the case was tried in that court the second time.

We hold that the trial court did not err in the second trial when it charged as it did upon the measure of damages, and that, under the changed facts and issues, it would have been error to give the special instructions given by the trial court in the first trial.

We have examined the errors claimed with reference to the admission and rejection of evidence, and find no prejudicial error therein.

As above indicated, we are of the opinion that the special charges requested by plaintiff are not proper statements of the law as applied to the facts developed upon the trial now under review, and that the trial court properly refused to give the special charges requested.

The charge to the jury given by the trial judge in the case under review contains what we believe to be a correct statement of the law applicable to the issues presented, and is free from reversible error, in the opinion of this court.

Judgment affirmed.

WASHBURN, PJ, and FUNK, J, concur in judgment.