GOTTFRIED, Plaintiff-Appellant, v. YOCUM et, Defendants-Appelllants.

Ohio Appeals, Third District, Seneca County.

No. 331. Decided April 2, 1953.

Roof & Roof, Kenton, Frick & Turner, Tiffin, for plaintiff-appellant. Francis M. Marley, Fostoria, for defendants-appellees.

## OPINION

Per CURIAM:

This is an appeal upon questions of law from a judgment of the Court of Common Pleas of Seneca County, Ohio, in an action wherein the appellant, Jessie Gottfried, was plaintiff, and the appellees, Simon P. Yocum, et al., were defendants.

The action was one to contest the will of one Walter Yocum, late of Seneca County, Ohio, deceased.

After the defendants had introduced testimony showing the admission to probate by the Probate Court of Seneca County, of the will of said Walter Yocum, and had rested, the plaintiff introduced the testimony of various witnesses which the plaintiff relied upon as tending to prove that the said Walter Yocum at the time he executed said will did not have sufficient mental capacity to execute the same.

At the close of this evidence the defendants, other than Walter Rose, a minor defendant, moved the court for a directed verdict in favor of the defendants upon the ground that the plaintiff had failed to introduce any evidence tending to prove that the said Walter Yocum was mentally incapacitated at the time he executed said will. This motion was granted by the court and the court directed a verdict accordingly. Judgment was duly rendered upon said verdict in favor of the defendants and against the plaintiff. This is the judgment from which this appeal was taken.

The plaintiff-appellant assigns error in a number of particulars which may be summarized as follows:

1. The court below erred in excluding certain testimony offered by the plaintiff below and excepted to by the defendants below.

2. The court below erred in granting defendants' motion and directing a verdict in favor of defendants for the reason that the evidence in the case was such as to require the submission of the case to the jury.

These assignments will be considered in the order mentioned.

1. The testimony referred to in the first assignment of error is certain testimony of one Bertha Leffingwell which was rejected by the court and certain testimony of the said Bertha Leffingwell proferred by the plaintiff and rejected by the court as to the mental condition of the said Walter Yocum in 1944, the said Walter Yocum first coming under the observation of the witness in 1943 and/or 1944 and subsequent to July 31, 1943.

The said Walter Yocum executed the will which is the subject of this contest, on the 31st day of March, 1943.

There was no evidence tending to prove that the mental condition of said Walter Yocum, during the year 1944, was in any way attributable or referable to or in any way connected with his mental condition at the time of the execution of his will, and the testimony given and proferred as to his mental condition during 1944 did not in any way reflect upon or tend to prove his mental condition at the time of the

execution of his will on March 31, 1943, and was properly rejected by the court.

The plaintiff-appellant further contends that the court erred in rejecting the proffered testimony of one Betty Rose Patterson, but an inspection of the record discloses that while plaintiff's attorneys stated to the court that the testimony of said Betty Rose Patterson would corroborate the testimony of Bertha Leffingwell, said Betty Rose Patterson was not called as a witness nor any tender or proffer made of her testimony.

For the reasons mentioned, the first assignment of error is without merit.

2. In considering this assignment of error this Court will take judicial notice of the following facts: This cause was tried in the Common Pleas Court of Seneca County in January, 1949, and a judgment rendered by said court in favor of defendants. An appeal on questions of law was taken to this court by the plaintiff-appellant and the judgment of the Common Pleas Court was affirmed by this court. Subsequently, an appeal was taken from the judgment of this court to the Supreme Court of Ohio which reversed the judgment of this court and remanded the cause to the Common Pleas Court for a new trial and further proceedings according to law, and that the judgment from which this appeal was taken was rendered upon the new trial of said cause ordered by the Supreme Court. The cause was submitted to the Supreme Court upon the original papers in the case and the bill of exceptions of the proceedings had upon the trial of the cause in Common Pleas Court in January, 1949.

The opinion in said cause in the Supreme Court, appearing in 155 Oh St 283, discloses that the court in considering the case, among other things expressly held that the evidence appearing in the record of said cause was sufficient to require the submission of said cause to the jury.

In connection with this appeal the bill of exceptions of the former trial of this cause in Common Pleas Court in January, 1949, has been filed in this court.

A comparison of the bill of exceptions of the former trial and the bill of exceptions of the trial from which this appeal was taken discloses that the evidence as to the testamentary capacity of the testator, Walter Yocum, is for the purpose of considering this second assignment of error, essentially the same.

The rule applicable to this situation is stated in 2 O. Jur., 1668, Appellate Review, Section 887, as follows:

"That the decision of a reviewing court in a case establishes the law of that case for all subsequent proceedings therein not only in the trial court but also on subsequent proceedings in the reviewing court, seems always to have been recognized as a general rule of practice in Ohio."

Considering this assignment of error in the light of the above quoted rule, it is obvious that as the Supreme Court held that the evidence at the former trial of this cause relating to the subject of the mental capacity of the testator, which is substantially the same

as the evidence upon the subject upon the trial of the case under consideration upon this appeal, was sufficient to require the submission of the cause to the jury and thereby established the law of the case, the trial court erred to the prejudice of plaintiff in directing a verdict in favor of defendants and entering judgment thereon.

For this error the judgment is reversed and the cause remanded for further proceedings according to law.

YOUNGER, PJ, GUERNSEY and MIDDLETON, JJ, concur.