SCHMELZER, APPELLANT, *v.* FARRAR ET AL., APPELLEES.

(No. 75AP-513—Decided February 24, 1976.)

*Messrs. Campbell & Hadden, Mr. J. Davis Harris* and *Mr. Jonathon A. Tarbox,* for appellant.

*Messrs. Crabbe, Brown, Jones, Potts & Schmidt* and *Mr. Vincent J. Lodico,* for appellee Mary Lavonia Secrest (Bartley).

WHITESIDE, J.  Plaintiff appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant Mary Lavonia Secrest (Bartley). In support of his appeal, plaintiff raises five assignments of error, as follows:

"1. Failure of the Trial Court to enter a Judgment Notwithstanding the Verdict in favor of the Plaintiff and against the Defendant Secrest (Bartley) in accordance with the Decision of this Court dated March 19, 1974.

"2. Failure of the Trial Court to grant a new trial on the nature and extent of Plaintiff's damages in accordance with the Decision of this Court dated March 19, 1974.

"3. Error of the Trial Court in allowing the Defendant Secrest (Bartley) to 'amend' her responses to her Requests for Admission out of rule.

"4. Error of the Trial Court in overruling Plaintiff's Motion for Summary Judgment filed January 15, 1975 and Plaintiff's Cross-Motion for Reconsideration and Summary Judgment filed March 24, 1975.

"5. Error of the Trial Court in sustaining Defendant Secrest's (Bartley's) Motion for Reconsideration and entering summary judgment in favor of Defendant Secrest (Bartley)."

The first, second, and fourth assignments of error are interrelated and will be considered together. This action was the subject of a prior appeal to this court, reported as *Schmelzer* v. *Farrar* (1974), 40 Ohio App. 2d 440, which indicates that the Supreme Court overruled a motion to certify on September 20, 1974. Upon the prior appeal, this court reversed a judgment in favor of defendant Secrest, sustaining six of the assignments of error asserted therein by plaintiff. The syllabus upon the prior appeal states:

"Where, in discovery proceedings conducted pursuant to Civ. R. 36(A) and (B), a party denies a matter in part, to the extent that there is no answer, there is an admission, and the matter is conclusively established."

Upon the prior appeal, this court expressly found that the trial court erred in overruling plaintiff's motion for a directed verdict against defendant Secrest and in overruling

plaintiff's motion for a judgment notwithstanding the verdict as to the liability of defendant Secrest. This court further expressly found that the trial court erred to the prejudice of plaintiff in its charge upon the issue of damages.

Accordingly, it was the clear mandate of this court that, upon remand to it, the trial court should sustain plaintiff's motion for judgment notwithstanding the verdict as to the issue of the liability of defendant Secrest.

Plaintiff brought this matter to the attention of the trial court both by a motion for such a judgment and a motion for summary judgment, as well as by a motion for the reconsideration of a decision overruling plaintiff's motion for summary judgment. Likewise, it was the clear mandate of this court that the issue of damages should be retried and submitted to the jury with the appropriate instructions mandated by this court, unless the evidence upon retrial substantially differed from that upon the original trial so as to justify a different charge. The issue of release and satisfaction of judgment raised by the fifth assignment of error could, however, if appropriate, result in a judgment for defendant Secrest without retrial.

Upon remand, in accordance with the mandate of this court, the trial court should have entered an order vacating its prior judgment in favor of defendant Secrest, sustaining plaintiff's motion for judgment notwithstanding the verdict upon the issue of liability as to defendant Secrest, and granting plaintiff a new trial upon the issue of damages. The trial court erred in failing to follow the mandate of this court upon the prior appeal. Accordingly, the first, second, and fourth assignments of error are well taken.

By the third assignment of error, plaintiff contends that the trial court erred in allowing defendant Secrest to amend her responses to requests for admission. So long as such amended answers to requests for admission are not utilized as a basis for the trial court to, in effect, reverse or overrule the judgment of this court upon the prior appeal, we find no prejudicial error in allowing amendment. Whether this court was correct or incorrect in its

judgment upon the prior appeal, upon remand, the judgment of this court became the law of the case to be applied by the trial court. The responses to the request for admissions could not be amended upon remand in such a fashion as to have the effect of reversing or overruling the judgment of this court upon the prior appeal since this court expressly mandated the trial court to grant judgment notwithstanding the verdict in favor of plaintiff upon the issue of liability of defendant Secrest. However, we find no prejudicial error in the trial court's allowing the amended responses since the issue of liability of defendant Secrest had been determined by the judgment of this court upon the prior appeal and constitutes the law of the case. The third assignment of error is not well taken.

The fifth assignment of error raises an issue concerning a codefendant at the original trial. The original trial resulted in a verdict in favor of defendant Secrest but against the codefendant Farrar in the amount of $6,075.

During the pendency of the prior appeal to this court, a *nunc pro tunc* entry was filed in the trial court with respect to the judgment in favor of plaintiff against the codefendant Farrar, such entry being filed two days after the filing of the notice of appeal upon the prior appeal.

The *nunc pro tunc* entry revealed that, during the pendency of the action in the trial court, and prior to the commencement of trial, plaintiff executed a covenant not to sue defendant Farrar in consideration of the sum of $8,500. The order of the trial court recited that, in view of the covenant not to sue, the court ordered that "that portion of the Judgment * * * rendering judgment against the Defendant, Gwendolyn Ann Farrar * * * is rendered null and void and of no effect and that plaintiff is forever barred from proceeding against or attempting collection from the defendant, Gwendolyn Ann Farrar, on said Judgment Entry." The entry further ordered the clerk to indicate upon the docket that the judgment against defendant Farrar "is null and void and of no effect."

In the *nunc pro tunc* entry, plaintiff and defendant Farrar stipulated that "said Covenant Not To Sue rendered

void and of no effect that portion of said judgment entry rendering judgment in favor of the plaintiff and against the defendant, Gwendolyn Ann Farrar * * * that the plaintiff and defendant, Gwendolyn Ann Farrar, further agree and stipulate that by reason of said Covenant Not To Sue, plaintiff is forever barred from proceeding against or attempting collection from the defendant, Gwendolyn Ann Farrar, because of said judgment entry * * * however, plaintiff has his rights reserved to proceed against the co-defendant, Mary Fraley Secrest (Bartley)." The consideration for the covenant not to sue was nearly $2,500 in excess of the jury verdict rendered against defendant Farrar. There is no explanation as to why plaintiff proceeded to trial and judgment against defendant Farrar despite the covenant not to sue, but defendant Farrar did not object or raise the issue at any time.

Defendant Secrest points out that the covenant not to sue did not expressly reserve plaintiff's right to proceed with his action against defendant Secrest. However, the covenant not to sue is just that and not a release and expressly provides that "it is further understood that this is a Covenant Not To Sue as to the parties named herein and is not a Release." Although a release not reserving rights against other joint or concurrent tortfeasors constitutes a release as to all joint and concurrent tortfeasors, it is not necessary in a convenant not to sue to expressly reserve rights against other joint or concurrent tortfeasors. The syllabus of *Bacik* v. *Weaver* (1962), 173 Ohio St. 214, reads as follows:

"Where a valid agreement is made not to sue parties whose negligence is claimed to have proximately contributed with the negligence of others to cause injury and where the agreement does not purport to release or transfer any cause of action for the injury and where the agreement does not expressly recognize the consideration paid thereunder as full satisfaction for the injury, such agreement will not operate to bar actions against others for causing such injury even though the agreement does not expressly reserve rights against such others."

Accordingly, the covenant not to sue does not, standing by itself, constitute a release of plaintiff's claim against defendant Secrest.

Defendant Secrest, however, contends that the *nunc pro tunc* entry has the effect of constituting a full satisfaction of plaintiff's judgment and, accordingly, bars any further action by plaintiff against defendant Secrest. There appears to be no authority upon the precise issue raised herein. No reported decision has been cited to or found by this court which involves a situation similar to that herein involved.

Defendant Secrest relies upon *Cleveland Ry. Co.* v. *Nickel* (1923), 120 Ohio St. 133, the syllabus of which reads as follows:

"1. Receipt of full compensation from one of several persons whose concurrent acts of negligence are the basis of a suit for damages for personal injury releases all.

"2. Where, in an action to recover damages for personal injury claimed to have been caused by concurrent negligent acts of two defendants the amount of damages sustained is determined by the jury and a judgment rendered thereon against one defendant, the other being granted a new trial, the payment of such amount and the receipt thereof by the plaintiff releases both defendants."

Obviously, the first paragraph of the syllabus of *Nickel* must be applied at least to the extent of requiring a *pro tanto* reduction of any judgment that plaintiff may eventually recover from defendant Secrest by the amount paid to plaintiff by defendant Farrar for the covenant not to sue. However, the issue is whether or not plaintiff has received "full compensation" from defendant Farrar. Upon the prior appeal, this court found error in submission of the issue of damages to the jury so that the amount of full compensation to which plaintiff is entitled has not yet been determined.

The second paragraph of the syllabus of *Nickel* is readily distinguishable from the circumstances herein. In *Nickel*, a joint judgment was rendered in favor of the plaintiff against two codefendants. Plaintiff therein ap-

parently took no exception to the judgment, but one of the defendants was granted a new trial, and the other defendant was granted a remittitur. Defendant paid the remitted judgment and such was accepted by the plaintiff. The court held that, under such circumstances, the plaintiff had received full compensation for her injuries and that, by acceptance of payment therefor from the one defendant, the plaintiff therein released the other defendant, who had been granted a new trial.

In this case, however, the amount of damages to which plaintiff is entitled has not been determined by a jury without the intervention of error as determined by this court upon the prior appeal. It is further noted that this issue, although then existing, was not raised upon the prior appeal.

Had there been no covenant not to sue, and had plaintiff accepted payment by defendant Farrar of the judgment in full, *Nickel* would be controlling and would bar any further action by plaintiff against defendant Secrest. Here, however, the judgment against defendant Farrar was not paid subsequent to its rendition, but, rather, it was found to be null and void and unenforceable because of the existence of a covenant not to sue executed by plaintiff to defendant Farrar prior to the commencement of trial. Although we do not condone the tactics of plaintiff in executing a covenant not to use, the existence of which was concealed from defendant Secrest, and proceeding to trial against both defendant Farrar and defendant Secrest as if such covenant had not been executed, we fail to find any reason why the covenant not to sue should have any different effect because of the circumstances.

There has been no satisfaction of the judgment rendered against defendant Farrar but, rather, a recognition that plaintiff is barred from collecting the judgment by virtue of the covenant not to sue. The result would be the same whether the judgment was for a greater or, as herein, a lesser amount than the consideration paid for the covenant not to sue.

Accordingly, we conclude that neither the covenant

not to sue, nor the *nunc pro tunc* entry operate as a complete release of plaintiff's claim against defendant Secrest; however, any award that plaintiff may recover against defendant Secrest must be *pro tanto* reduced by the amount received from defendant Farrar as consideration for the covenant not to sue. At this point, it is impossible to determine whether or not plaintiff has received full compensation for this injuries, although there is a distinct possibility that he has, depending upon the eventual determination of damages. Accordingly, the trial court erred in sustaining defendant Secrest's motion for a summary judgment, and the fifth assignment of error is well taken.

Although this court could on this appeal reach a different conclusion upon the basic issues than that reached upon the prior appeal, we should do so only when we determine that there is manifest error in our prior judgment. Although the issue may well be debatable, the issue was determined upon the prior appeal, and we are reluctant to disturb that finding, inasmuch as there is no manifest error demonstrated.

Accordingly, the first, second, fourth, and fifth assignments of error are sustained, and the third assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed and cause remanded.*

REILLY and McCORMAC, JJ., concur.