THATCHER, Appellee,

v.

SOWARDS;  Grange Mutual Casualty Co., Appellant.

[Cite as *Thatcher v. Sowards* (2001), 143 Ohio App.3d 137.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 00CA2729.

Decided April 27, 2001.

*Cheek & Zeehandelar, L.L.P., Steven J. Zeehandelar,* for appellant Grange Mutual Casualty Co.

---

KLINE, Judge.

Grange Mutual Casualty Company appeals the Portsmouth Municipal Court's determination that John W. Thatcher is entitled to reasonable attorney fees in the amount of $1,505.25 for work in an interpleader action.[1] Grange first asserts that Thatcher is not entitled to any attorney fees as a matter of law. We disagree as to attorney fees for the underlying tort action because we decided this issue on Grange's first appeal to this court, which Grange did not appeal to the Ohio Supreme Court. Consequently, our decision on this issue became the law of the case. See *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 159–160, 519

---

1. John W. Thatcher did not enter an appearance in this appeal.

N.E.2d 390, 392–394. However, we agree with Grange as to attorney fees for the interpleader action because the trial court exceeded the scope of its authority on the remand from this court. Grange next asserts that the attorney fees awarded were unreasonable. This argument is rendered moot by our disposition of Grange's first argument. Accordingly, we reverse the decision of the trial court and remand this case to the trial court to carry out our original instruction, which is to determine Thatcher's reasonable attorney fees in the tort action.

I

In 1996, Katherine Graf drove an automobile that collided with an automobile owned by David and Brenda Campbell, causing injuries to passenger Kala Sowards, a minor. The Campbells had an insurance policy with Grange that paid $1,585.54 to Sowards for her reasonable medical expenses.

Sowards's mother retained attorney John Thatcher to pursue a personal injury action against Graf. Under the agreement, Thatcher could retain one-third of the amount he recovered for Sowards. Grange claimed a right of subrogation regarding the $1,585.54 it paid Sowards but refused to pay Thatcher a fee for protecting its right during negotiations. Grange still refused to pay Thatcher a fee when Thatcher settled with Graf's insurance carrier for an amount that included the $1,585.54.

Thatcher filed an interpleader action to determine whether Sowards or Grange should receive the $1,585.54 and deposited the money with the clerk. Thatcher named himself as plaintiff and Sowards and Grange as defendants. In the action Thatcher maintained that the money should go to Sowards, not Grange. In addition, Thatcher sought attorney fees through a pleading he filed with the court on September 25, 1998. In the pleading he stated:

"In addition, Counsel herein submits that in any event he had a one-third contingency fee on all the monies derived from the litigation and that the monies on deposit with the Court are subject to that agreement as the Grange Mutual Casualty Company would be unjustly enriched were it not have [sic] to share in the costs of the recovery."

The trial court first found that Grange did not have a right of subrogation. The court then stated: "The Court having reviewed arguments of counsel, hereby finds on behalf of the plaintiff, John W. Thatcher * * * [and] that the Clerk issue to John W. Thatcher a check in the sum of $1,585.54 forthwith."

Grange appealed the trial court's decision to this court. Grange argued that it was entitled to the entire $1,585.54 because it had a right of subrogation and it did not have to pay to Thatcher attorney fees. In *Thatcher v. Sowards* (Mar. 22, 2000), Scioto App. No. 98CA2613, unreported, 2000 WL 310239, we found that

Grange did have a right of subrogation but that Thatcher was entitled to reasonable attorney fees. We remanded "with instructions to enter judgment in favor of [Grange] in the amount of $1,585.54, less a reasonable attorney fee to Mr. Thatcher to be determined by the trial court."

On remand, the trial court entered judgment for Grange and held a hearing to determine Thatcher's reasonable attorney fees. At the hearing, Thatcher, contrary to his prior pleading, asked for (1) an hourly fee, instead of the one-time contingency fee in the underlying action, and (2) an hourly fee for the time that he had spent in the interpleader action. Thatcher testified and submitted an affidavit.

The trial court in its judgment entry stated:

"The Court further finds that all actions taken by Mr. Thatcher from April 14, 1996 through March 4, 1998 were actions necessary to protect the interest of his client to settle the underlying tort case, and that he is not entitled to reasonable attorney fees thereon.

"The Court further finds that all actions taken from March 5, 1998 through April 14, 2000, were as a result of Mr. Thatcher filing the interpleader action herein and that he should be awarded reasonable attorney fees for his services so rendered."

The trial court then awarded Thatcher $1,505.25 in reasonable attorney fees, leaving Grange with $80.29 ($1,585.54 less $1,505.25). Grange appeals and assigns the following two assignments of error:

"I. The trial court erred as a matter of law in awarding attorney fees to plaintiff John Thatcher.

"II. The attorney fees awarded were contrary to law because they were unreasonable."

## II

Grange argues in its first assignment of error that Thatcher is not entitled to any attorney fees. Grange does not differentiate between fees for the underlying tort and fees for the interpleader action. To resolve this issue, we must first determine the "law of the case." We will undertake a *de novo* review to answer this legal question.

The Ohio Supreme Court discussed the "law of the case" doctrine in *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 2–3, 462 N.E.2d 410, 413:

"Briefly, the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. *Gohman v. St.*

*Bernard* (1924), 111 Ohio St. 726, 730 [146 N.E. 291, 292], reversed on other grounds[,] *New York Life Ins. Co. v. Hosbrook* (1935), 130 Ohio St. 101 [3 O.O. 138, 196 N.E. 888]; *Gottfried v. Yocum* (App.1953), 72 Ohio Law Abs. 343, 345 [58 O.O. 446, 133 N.E.2d 389].

"The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. *Gohman, supra,* at 730–731 [146 N.E. at 292–293]. However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. See *State ex rel. Potain v. Mathews* (1979), 59 Ohio St.2d 29, 32 [13 O.O.3d 17, 18–19, 391 N.E.2d 343, 345]."

Here, we found in the first appeal that Thatcher was entitled to reasonable attorney fees. Grange never appealed our decision. Thus, this part of our decision became the "law of the case" even if we were wrong. See, *e.g., Hawley v. Ritley, supra.*

A review of the record shows that the "law of the case" involves the underlying tort action, not the interpleader action. The only request for attorney fees (one-third of $1585.54) that Thatcher made in the trial court before the first appeal related only to the underlying tort action. Thus, it stands to reason the "law of the case" is that Thatcher is entitled to reasonable attorney fees for the work he did in the underlying tort action. We never decided if Thatcher was entitled to reasonable attorney fees for the interpleader action because that issue never came before the trial court until the remand. The only issue that the trial court had to decide on remand was whether Thatcher's one-third contingency fee request was reasonable, and if not, then what fee was reasonable.

Accordingly, for the above stated reasons, we overrule Grange's first assignment of error as it relates to attorney fees for the underlying tort. We already decided this issue in the first appeal and that decision is now the law of the case.

■ Now that we have decided the "law of the case," we must now determine whether the trial court exceeded its authority on remand before we can determine whether Thatcher is entitled to attorney fees for the interpleader action. The trial court determined that Thatcher was not entitled to reasonable attorney fees for the underlying tort action but was entitled to reasonable attorney fees for the interpleader action. This is a legal question, which we review *de novo.*

■ We outlined the goals of the doctrine of the "law of the case" earlier.

"In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts. See, *e.g., State ex rel. Special Prosecutors v. Judges* (1978), 55 Ohio St.2d 94 [9 O.O.3d 88, 378 N.E.2d 162]; *Charles A.*

*Burton, Inc. v. Durkee* (1954), 162 Ohio St. 433 [55 O.O. 247, 123 N.E.2d 432]; *Schmelzer v. Farrar* (1976), 48 Ohio App.2d 210, 212 [2 O.O.3d 178, 179, 356 N.E.2d 751, 752–753]; *Miller v. Miller* (1960), 114 Ohio App. [234], 235 [19 O.O.2d 108, 108, 181 N.E.2d 282, 283]. Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law. See, generally, *Thomas v. Viering* (App. 1934), 18 Ohio Law Abs. 343, 344 [1934 WL 2629]; *Loyer v. Kessler* (App.1925), 3 Ohio Law Abs. 396. For additional authorities, see *Williams v. Board of Trustees* (1924), 210 App.Div. 161, 205 N.Y.Supp. 742; *Littmann v. Harris* (1913), 157 App.Div. 909, 142 N.Y.Supp. 341. Moreover, the trial court is without authority to extend or vary the mandate given. *Briggs v. Pennsylvania RR. Co.* (1948), 334 U.S. 304, 306 [68 S.Ct. 1039, 1040, 92 L.Ed. 1403, 1405]; *United States v. Pink* (S.Ct.1942), 36 N.Y.Supp.2d 961, 965; *Hampton v. Superior Court* (1952), 38 Cal.2d 652, 655, 242 P.2d 1 [2–3]; *In re Estate of Baird* (1924), 193 Cal. 225, 258, 223 P. 974 [987–988]; *Puritan Leasing Co. v. Superior Court* (1977), 76 Cal.App.3d 140, 147, 142 Cal.Rptr. 676 [679–680]." *Nolan*, 11 Ohio St.3d at 3–4, 11 OBR at 3, 462 N.E.2d at 413.

Here, the trial court exceeded its authority. It found that Thatcher was not entitled to reasonable attorney fees for the underlying tort action. It found that Thatcher was entitled to reasonable attorney fees for the interpleader action and established those fees. All of these actions by the trial court exceeded our mandate.

Accordingly, for the above stated reasons, we sustain Grange's first assignment of error as it relates to attorney fees for the interpleader action. The trial court exceeded the scope of its authority on remand when it considered this issue.

### III

Based on our disposition of Grange's first assignment of error, we find that Grange's second assignment of error is rendered moot. See App.R. 12(A)(1)(c).

### IV

Accordingly, we reverse the judgment of the trial court and remand this case to the trial court to carry out our original instruction, which is to determine reasonable attorney fees in the tort action.

*Judgment reversed*
*and cause remanded.*

HARSHA and EVANS, JJ., concur.