DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment entered by the Scioto County Court of Common Pleas quieting title to certain real estate in favor of Plaintiffs-Appellees Delbert Ball and Geneva Ball and against the claim of interest asserted by Defendants-Appellants David L. Crabtree and Lois Crabtree.
Appellants argue that the trial court committed various errors that necessitate a reversal by this Court. We disagree and affirm the judgment of the trial court.
Statement of the Facts and Case
 I. The Disputed Real Estate and the Initial Trial Court Proceedings
This is the second visit this case has had to this Court in the past three years. The following review of the facts pertinent to this appeal is reproduced in part from our decision in Ball v. Crabtree (Dec. 10, 1998), Scioto App. No. 97CA2557, unreported.
The parties herein are owners of contiguous parcels of real estate in Bloom Township, Scioto County, Ohio. Running along side both of these parcels is a railroad right-of-way acquired by the Scioto and Hocking Valley Railroad Company (Scioto RR. Co.) nearly a century ago. It would appear from survey maps in the record that the parties must traverse this right-of-way in order to gain access to State Route 140, which lies to the south of their respective properties. The record also indicates that this right-of-way was abandoned some time ago.
In 1992, CSX Transportation, Inc. (CSX), the successor in interest to the Scioto RR. Co., sold its interest in the right-of-way to Defendants-Appellants David L. and Lois Crabtree. A quitclaim deed transferring to appellants the interest in the right-of-way was thereafter filed with the Scioto County Recorder's Office. Although it is not entirely clear from the record, it would appear that, after this conveyance from CSX, appellants placed "no trespass" signs on the property and attempted to block Plaintiffs-Appellees Delbert and Geneva Ball from crossing the right-of-way to gain entry onto their own property.
Appellees filed suit in the Scioto County Court of Common Pleas in July 1993, alleging in their complaint that they owned the disputed property outright or, in the alternative, had acquired it through adverse possession. In either event, they averred that appellants were wrongfully asserting an interest in the property and asked that title be quieted in their favor.
Appellants filed an answer denying that their neighbors had any ownership interest in the disputed right-of-way. They also filed a counterclaim asserting that they had acquired the property both through the quitclaim deed from CSX and through adverse possession. Appellants asked that title to this land be quieted in their favor and that appellees be enjoined from any further traversing or use of the right-of-way.
A bench trial was held on July 28, 1997, at which time appellees presented the expert testimony of Steve Willard, a local attorney, who had performed a title search on the disputed property. It was the opinion of Mr. Willard that appellees are the owners of this land. He explained that his opinion was based on several factors. First, the original conveyance of the right-of-way to the Scioto RR. Co. was nothing more than "an easement or . . . permission to use the land." It did not convey any fee ownership interest in the property to the railroad. Thus, Mr. Willard concluded, CSX could not have conveyed anything more to Mr. Crabtree than the easement interest, which its predecessor in interest, Scioto R.R. Co., had previously acquired.
The second factor upon which Mr. Willard based his opinion was that the easement had been abandoned. He explained that once an easement is abandoned it "revert[s] back to the parent tract" from which it was conveyed. The witness testified that, from his review of all the pertinent real estate records, appellees now own the remainder of the so-called "parent tract" from which the right-of-way originally came. This would mean not only that appellees were the owners of the disputed land, but that, due to the easement's abandonment, appellants would have no interest whatsoever in this property.
The sole witness appearing on behalf of appellants was David Crabtree who testified that he received the quitclaim deed from CSX, that the deed described the disputed property, and that it was recorded by the Scioto County Recorder. Nothing was ever introduced, however, to show that this conveyance was of a fee interest or was anything more than the transfer of an abandoned easement. Appellant's only testimony going to the issue of fee ownership was his statement that he had paid taxes on the property "every year" since its acquisition.
In October 1997, the trial court reached a judgment finding in favor of appellants on their counterclaim. The lower court determined that the original conveyance to Scioto RR. Co. was "a fee interest * * * and not merely an easement or right-of-way." Since appellants had purchased that interest, the court concluded, they also owned the fee interest. Moreover, the court rejected appellees' own claims of ownership stating that the land would not automatically go back to them simply because they are abutting property owners. Therefore, the trial court determined that appellants should have title to the premises quieted in their favor. Judgment to that effect was entered on November 5, 1997.
II. The Original Appeal and Decision
Appellees' timely notice of appeal followed. We reversed the trial court's judgment, holding that the 1902 deed transferring the right-of-way to Scioto RR. Co. was insufficient to transfer a fee interest in the property and transferred only an easement. Thus, CSX, successor in interest to Scioto RR. Co., held only an easement, and the easement had been abandoned for some time.
Accordingly, the cause was remanded in order for the trial court to determine who owned the servient estate. Title would then revert to the owner of the servient estate. (For further analysis, see our unanimous decision in Ball v. Crabtree (Dec. 10, 1998), Scioto App. No. 97CA2557, unreported.)
III. The Trial Proceedings on Remand
No further evidentiary hearing was conducted upon the case's remand to the trial court. Rather, the parties stipulated that the easement had been abandoned by CSX in 1984 and that the disputed property affronts, abuts, adjoins, and otherwise runs parallel to the property of both parties. The transcript of the prior trial and a deposition of Richard Howerton, a licensed surveyor, were filed with the trial court.
In February 2001, the trial court entered judgment in favor of appellees, quieting title to the property in their favor and against appellants.
Analysis of Issues Presented
 I. Assignments of Error
It is from this judgment that appellants presently appeal and submit the following assignments of error for our review.
First Assignment of Error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN THAT THE TRIAL COURT GRANTED JUDGMENT IN FAVOR OF PLAINTIFF WHEN SAID JUDGMENT WAS CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THAT THE COURT FAILED TO CONDUCT AN INDEPENDENT REVIEW OF THE EVIDENCE AND MISINTERPRETED THE MANDATE OF THE APPELLATE COURT IN ITS REVERSAL IN THIS CASE. CASE NO. 97 CA 2557, FILED DECEMBER 10, 1998.
Second Assignment of Error:
 THE TRIAL COURT ERRED BY NOT DETERMINING THAT THE RAILROAD OWNED THE PROPERTY IN QUESTION IN FEE SIMPLE WHEN IT TRANSFERRED THE PROPERTY TO DEFENDANT-APPELLANT.
Third Assignment of Error:
 THE JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN FINDING THAT PLAINTIFFS-APPELLEES ARE THE OWNERS OF THE SERVIENT ESTATE.
Fourth Assignment of Error:
 THE JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THAT DEFENDANTS-APPELLANTS ARE THE OWNERS OF THE PROPERTY DESCRIBED IN VOLUME 853, PAGE 775 OF THE SCIOTO COUNTY DEED RECORDS BY VIRTUE OF A PROPERLY EXECUTED AND RECORDED DEED WITHIN THE LEGAL CHAIN OF TITLE.
Fifth Assignment of Error:
 THE JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THAT DEFENDANTS-APPELLANTS ARE THE OWNERS OF THE PROPERTY DESCRIBED IN VOLUME 853, PAGE 775 OF THE SCIOTO COUNTY DEED RECORDS BY VIRTUE OF ADVERSE POSSESSION[.]
Sixth Assignment of Error:
 THE JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THAT PLAINTIFFS-APPELLEES HAVE NO INTEREST IN THE PROPERTY AS ABUTTING LANDOWNERS.
We will discuss appellants' assignments of error in an order more conducive to our analysis, addressing appellants' Third, Fourth, Fifth, and Sixth Assignments of Error conjointly.
II. Failure to Comply with App.R. 16(A)
In their First Assignment of Error, appellants state that the trial court misinterpreted the mandate of this Court from the first appeal and simply implemented the judgment opposite to the one it had initially made.
However, appellants fail to properly argue the existence of any error by the trial court, in that they do not refer to the place in the record that reflects the alleged error, or cite any authority in support of their assignment of error. App.R. 16 requires that appellants specifically assign and argue alleged errors in the trial court. See App.R. 16(A).
App.R. 12(A)(2) authorizes a court of appeals to disregard or ignore an assignment of error that an appellant "fails to identify in the record" or argue in its brief. See App.R. 12(A)(2); Hawley v. Ritley (1988),35 Ohio St.3d 157, 159, 519 N.E.2d 390, 392; see, also, Carpenter v.Scherer-Mountain Ins. Agency (1999), 135 Ohio App.3d 316,733 N.E.2d 1196, fn. 1; see Taylor v. Franklin Blvd. Nursing Home (1996),112 Ohio App.3d 27, 677 N.E.2d 1212 (stating that a reviewing court may ignore an "unbriefed error" and "impose sanctions for violations of App.R. 12(A)").
Thus, since appellants fail to identify in the record any alleged error for us to review, we summarily OVERRULE appellants' First Assignment of Error.
II. A Fee Interest Versus an Easement
In appellants' Second Assignment of Error, they argue that the trial court erred by finding that CSX merely held an easement and not a fee interest in the right-of-way it conveyed to appellants. We disagree for the same reasons and logic we applied in the original appeal of this case. See Ball v. Crabtree (Dec. 10, 1998), Scioto App. No. 97CA2557, unreported.
In the original appeal, this Court held that the deed transferring the right-of-way to Scioto RR. Co. was "insufficient to convey the fee interest in the servient estate and transferred only an easement." Ball,supra, citing Baltimore Ohio Railroad Co. v. Oak Hill (1927),25 Ohio App. 301, 157 N.E. 817. Since CSX, Scioto RR. Co.'s successor in interest, only held an easement over the right-of-way, we held that it was unable to transfer a fee interest in the property to appellants. SeeBall, supra.
However, because the easement had been abandoned for some time, we further held that the "easement reverted to the fee simple owner of the servient estate who then held that estate free from the burden of said easement." Ball, supra, citing Vought v. Columbus Hocking Valley AthensR.R. Co. (1898), 58 Ohio St. 123, 50 N.E. 442, paragraph five of the syllabus. The case was then remanded for a determination by the trial court as to the issue of who owned the servient estate.
Thus, following the "law of the case" doctrine, the trial court was bound to follow our legal determination that the deed transferring the right-of-way to Scioto RR. Co. only resulted in the transfer of an easement. See Thatcher v. Sowards (2001), 143 Ohio App.3d 137,757 N.E.2d 805, citing Nolan v. Nolan (1984), 11 Ohio St.3d 1, 462 N.E.2d 410.
Accordingly, we OVERRULE appellants' Second Assignment of Error.
III. Ownership of the Servient Estate
In their Third, Fourth, Fifth, and Sixth Assignments of Error, appellants assert that the judgment of the trial court, finding that appellees own the servient estate to which the easement reverted upon abandonment, was against the manifest weight of the evidence.
In reviewing factual findings of a trial court, the appropriate standard of review that an appellate court must apply is manifest weight of the evidence. The judgment of a trial court should not be overturned as being against the manifest weight of the evidence if some competent and credible evidence supports that judgment. See C.E. Morris Co. v.Foley Construction Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. Factual findings of the trial court are to be given great deference on review because the trial court is in a better position "to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273, 1276; see, also, Myers v. Garson
(1993), 66 Ohio St.3d 610, 615, 614 N.E.2d 742, 745.
The evidence contained in the record that was presented to the trial court consists of several deeds from over a century ago. Along with those exhibits, testimony was presented from two expert witnesses: Steve Willard and Richard Howerton. Both Willard and Howerton performed title searches and concluded that appellees are the current owners of the servient estate or the "parent tract" from which the easement was originally conveyed.
Apparently, the trial court accepted this uncontroverted testimony and found that the evidence presented weighed in appellees' favor. Thus, the trial court's determination that appellees owned the servient estate was not against the manifest weight of the evidence.
According to appellants, there are several other reasons why the trial court's judgment is against the manifest weight of the evidence.
A. The Conveyance Recorded at Volume 35, Page 1
Appellants argue that the court-ordered conveyance of a tract containing the disputed property, recorded at Volume 35, Page 1, of the Scioto County Deed Records, transformed the easement held by the railroad into a fee interest. Thus, since the railroad held a fee interest, appellants now own the disputed property as a fee interest via their quitclaim deed.
Appellants rely on R.C. 5301.25 to argue that the conveyance of the easement, which was not recorded at the time of the court-ordered conveyance, was fraudulent as to the purchaser at the court-ordered sale. Appellants claim that the purchaser at the court-ordered sale was a bona fide purchaser without notice of the easement. Accordingly, appellants conclude that since the easement was fraudulent as to the subsequent sale, the purchaser at the court-ordered sale bought the tract of land containing the disputed property free of the easement, or that the easement which existed in the railroad merged with the court-ordered title. In either case, appellants argue that full fee simple absolute title to the disputed real estate vested in the railroad and that interest was subsequently transferred to appellants via quitclaim deed.
Upon our review of the record, it would appear that in this case, this argument was never made before the trial court. Arguments that are not presented to the trial court have not been preserved for purposes of appeal and will not be considered by a reviewing court. See State v.Coleman (1988), 37 Ohio St.3d 286, 294, 525 N.E.2d 792, 800; Van Camp v.Riley (1984), 16 Ohio App.3d 457, 463, 476 N.E.2d 1078, 1084; Bill'sCorner Café, Inc. v. Ohio Liquor Control Comm. (Mar. 28, 1997), Clark App. No. 96-CA-93, unreported.
Accordingly, we will not address this argument, as it was not properly preserved in the lower court for review.
B. Adverse Possession
Appellants also contend that the railroad obtained a fee interest in the disputed property by way of adverse possession. "To acquire by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years." Grace v. Koch (1998),81 Ohio St.3d 577, 692 N.E.2d 1009, syllabus.
Appellants argue that since the deed conveying the easement to the railroad was recorded in 1902, well after both parties' claimed roots of title in 1863 and 1886, the railroad's occupation of the property in the interim met the elements of adverse possession. However, there is no evidence in the record to support this argument.
Evidence of the railroad's use of the right-of-way before 1902 was not presented before the trial court and is not in the record for our review.
Therefore, since the trial court's determination that appellees' own the servient estate is not against the manifest weight of the evidence, we OVERRULE appellants' Third, Fourth, Fifth, and Sixth Assignments of Error.
Accordingly, we AFFIRM the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellees recover of appellants costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the SCIOTO COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of the entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J., and Harsha, J.: Concur in Judgment Only.