[Cite as *State v. Watkins*, 2011-Ohio-2979.]

IN THE COURT OF APPEALS OF CLARK COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee          :    C.A. CASE NO. 10CA0088

vs.                              :    T.C. CASE NO. 08CR0965

JON A. WATKINS                   :

    Defendant-Appellant         :

. . . . . . . . .

O P I N I O N

Rendered on the 17th day of June, 2011.

. . . . . . . . .

Andrew D. Wilson, Prosecuting Attorney, Atty. Reg. No.0073767; Andrew R. Picek, Asst. Prosecuting Attorney, Atty. Reg. No. 0082121, 50 E. Columbia Street, 4th Floor, P.O. Box 1608, Springfield, OH 45501
    Attorneys for Plaintiff-Appellee

Charles W. Slicer, III, Atty. Reg. No.0059927, 111 W. First Street, Suite 205, Dayton, OH 45402
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} This appeal is from a final judgment of the court of common pleas that imposed sentences for two felony offenses, following our reversal of sentences the court previously imposed

and a remand for resentencing. *State v. Watkins*, 186 Ohio App.3d 619, 2010-Ohio-740.

{¶ 2} Defendant, Jon A. Watkins, was found guilty following a jury trial of aggravated robbery, R.C. 2911.11, a first degree felony, and kidnapping, R.C. 2905.01, as a second degree felony. The trial court imposed maximum sentences of ten years for the aggravated robbery and eight years for the kidnapping. The court further ordered that the two terms would be served consecutively, for an aggregate prison term of eighteen years. Watkins appealed.

{¶ 3} We reversed the sentences the court imposed on findings "that the facts in the record in this case do not justify maximum consecutive sentences for a first time offender and that the trial court abused its discretion by imposing maximum consecutive sentences." ¶46. We sustained Watkins's third assignment of error "because we conclude that the imposition of maximum consecutive sentences is not warranted by the evidence in this record, resulting in an 18-year sentence for a first-time offender . . ." ¶47. Pursuant to App.R. 27, we reversed the sentences imposed by the trial court and ordered the cause "remanded for resentencing." ¶57.

{¶ 4} On remand, after acknowledging our decision and order of remand, and discussing the reasons for the eighteen year sentence it previously imposed, the trial court stated:

{¶ 5} "I can't just do something that I don't think is right; and if I think the facts in the record do justify maximum consecutive sentences, I think that's not just within my discretion but it's my duty to impose sentences I see fit." (Tr. 40.)

{¶ 6} The court then imposed the same maximum, consecutive eighteen-year sentences we previously reversed. Defendant filed a notice of appeal.

## ASSIGNMENT OF ERROR

{¶ 7} "THE TRIAL COURT COMMITTED ERROR WHEN IT ABUSED ITS DISCRETION AND IMPOSED A MAXIMUM CONSECUTIVE SENTENCE."

{¶ 8} In *Blust v. Lamar Advertising of Mobile, Inc.* (2009), 183 Ohio App.3d 478, we wrote, at ¶10:

{¶ 9} "The law-of-the-case doctrine holds that the decision of the reviewing court in a case remains the law of that case on the questions of law involved for all subsequent proceedings at the trial and appellate levels. *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410. The doctrine functions to compel trial courts to follow the mandates of reviewing courts. *Thatcher v. Sowards* (2001), 143 Ohio App.3d 137, 757 N.E.2d 805. 'Moreover, the trial court is without authority to extend or vary the mandate.' Id. at 142, 757 N.E.2d 805."

{¶ 10} Our decision in the prior appeal is an unappealed final order. It determined a question of law: that the trial court abused

its discretion when it imposed maximum, consecutive sentences totalling eighteen years. That decision was the law of the case for purposes of the remand for resentencing we ordered pursuant to App.R. 27. The trial court was then required to execute our mandate. The court instead varied our mandate by imposing the same maximum, consecutive sentences we previously reversed.

{¶ 11} We did not find in the prior appeal that the court abused its discretion by failing to state cogent reasons for the sentence the court previously imposed. We found that the eighteen-year sentence the court imposed was not justified by "the facts in the record of this case." ¶46. That concluded the issue of law concerned. The trial court might disagree with our decision, but the court was not thereby authorized to fail to execute our mandate.

{¶ 12} From the statement quoted above, it appears that the trial court judge was unable to reconcile his views with our prior decision. When a judge's impartiality might reasonably be questioned, the judge has an obligation to recuse himself or herself. Code of Judicial Conduct, Rule 2.11(A). By instead refusing to execute our mandate due to his contrary personal views, the judge did not comply with the law of the case. Rule 1.1 of the Code of Judicial Conduct states: "A judge shall comply with the *law*."

{¶ 13} Defendant's assignment of error is sustained. Because

we lack confidence that the trial court judge, Hon. Douglas M. Rastatter, will execute another mandate to resentence Defendant, we will exercise the authority conferred on us by Section 3(B)(2), Article IV of the Ohio Constitution to modify the judgment from which this appeal is taken.

{¶ 14} As we pointed out, Defendant Watkins is a first offender. The victim of his kidnapping offense was subjected to degrading behavior, but suffered no physical harm. In consideration of the matters in R.C. 2929.11 and 2929.12, we will order the sentences the trial court imposed modified, to instead impose a sentence of six years for the aggravated robbery conviction and four years for the kidnapping conviction, to be served consecutively. As modified, the judgment of the trial court will be affirmed.

{¶ 15} Further, and pursuant to App.R. 27, the case will be remanded to the trial court for the limited purpose of notifying the Ohio Department of Rehabilitation and Correction and any other relevant authority of the modified sentence, to do so in no less than thirty days, and to thereafter report its compliance with our mandate.

FAIN, J. And FROELICH, J., concur.

Copies mailed to:

Andrew R. Picek, Esq.
Charles W. Slicer, III, Esq.
Hon. Douglas M. Rastatter