DECISION AND ENTRY
{¶ 1} In a complaint filed on November 7, 2005, Plaintiff, Gregory P. Kooyman, alleged that he suffered personal injuries and property loss as a proximate result of the negligence of Defendant, Staffco Construction, Inc. ("Staffco"), for which he prayed for damages in the amount of $3,176.40 for his property *Page 2 
loss and in excess of $25,000 for his personal injuries.
 {¶ 2} Kooyman alleged that his injuries and losses arose when he lost control of his motorcycle on a public street in Springfield that was under repair by Staffco. Kooyman further alleged that Staffco was negligent for failing to comply with ordinances governing a permit to perform the work issued by the City of Springfield, as well as requirements imposed by the Manual of Uniform Traffic Control Devices.
 {¶ 3} Kooyman subsequently moved for summary judgment on the issue of liability. The trial court granted the motion on April 9, 2007, holding that Staffco was negligent per se for its failure to comply with an applicable ordinance of the City of Springfield. The court did not address the issues of proximate cause or damages. The order bears the following statement of the court: "Final Appealable Order."
 {¶ 4} Staffco filed a timely notice of appeal from the summary judgment of April 9, 2007. It presents two assignments of error on appeal.
 {¶ 5} The appellate jurisdiction of the courts of appeals is limited to review of final judgments and orders. Section 3(B)(2), Article IV, Ohio Constitution. Final orders are defined by R.C. 2505.02. For purposes of an action on the claims for relief Kooyman alleged, to be final for purposes of R.C. 2505.02 *Page 3 
an order must affect a substantial right in the action which in effect determines the action and prevents a judgment.
 {¶ 6} Generally, orders determining liability in a plaintiff's favor and deferring the issue of damages are not final appealable orders pursuant to R.C. 2505.02 because they do not determine the action or prevent a judgment. State ex rel. AD Ltd. Partnership v. Keefe,77 Ohio St.3d 50, 1996-Ohio-95; Fireman's Fund Insurance Companies v. BPSCo. (1982), 4 Ohio App.3d 3. The only exception is where the computation of damages is mechanical and unlikely to produce a second appeal because only a ministerial task in addressing costs remains. State ex rel. Whitev. Cuyahoga Metropolitan Housing Authority, 79 Ohio St.3d 543,1997-Ohio-366.
 {¶ 7} The damages for his personal injuries and lost property for which Kooyman prayed are not subject to mechanical computation. Furthermore, the summary judgment does not determine liability, which likewise requires findings concerning proximate cause as well as damages. The trial court did not address those matters, and so the summary judgment from which the appeal was taken is not a final order which we have jurisdiction to review. The trial court's erroneous "Final Appealable Order" pronouncement does not make it so.
 {¶ 8} The appeal is Dismissed for lack of a final order.
THOMAS J. GRADY, JUDGE
MARY E. DONOVAN, JUDGE
GEORGE M. GLASSER, JUDGE(BY ASSIGNMENT)
(Hon. George M. Glasser, retired from the Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
James E. Heath, Esq.
5 East Columbia Street
Springfield, OH 45502
Edward J. Dowd, Esq.
Brendan D. Healy, Esq.
1610 Kettering Tower
40 N. Main Street
Dayton, OH 45423
Hon. Douglas M. Rastatter
101 N. Limestone Street
 Springfield, OH 45502 *Page 1