LEIZERMAN, Appellant,

v.

KANOUS, Appellee.

[Cite as *Leizerman v. Kanous*, 181 Ohio App.3d 579, 2009-Ohio-1469.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–08–1009.

Decided March 20, 2009.

Michael Jay Leizerman and Ronald F. Leonhardt, for appellant.

Raymond H. Pittman III and Sara A. Metusalem, for appellee.

SKOW, Presiding Judge.

{¶ 1} Appellant, Alan Leizerman, appeals the judgment of the Lucas County Court of Common Pleas. Pursuant to 6th Dist.Loc.App.R. 12(A), we sua sponte place this matter on the accelerated docket. For the following reasons, the judgment of the trial court is reversed.

{¶ 2} Leizerman filed a complaint alleging that appellee, Jameson Kanous, was liable for Leizerman's injuries arising out of a collision between Kanous's car and Leizerman's bicycle. Kanous filed a counterclaim, alleging that Leizerman was liable for property damage to Kanous's car.

{¶ 3} After some discovery, Kanous filed a motion for summary judgment. Kanous argued that Leizerman was riding his bicycle on the sidewalk, in violation of a Toledo Municipal Ordinance, and was therefore negligent per se.

{¶ 4} The trial court granted Kanous's motion for summary judgment, holding that the undisputed evidence showed that Leizerman was riding his bicycle on the sidewalk, in violation of Toledo Municipal Code 373.12. Finding that Leizerman was within the class of persons the municipal code was designed to protect, the trial court held that Leizerman was negligent per se. It further held that because Leizerman was negligent per se, he was the proximate cause of his own injuries and was negligent as a matter of law. It reserved the issues of whether Kanous was comparatively negligent and the apportionment of comparative negligence between the parties for the trier of fact.

{¶ 5} Leizerman has filed a partial transcript of the jury trial on appeal. The partial transcript contains only the parties' arguments in chambers regarding Leizerman's proposed jury instructions, opening and closing arguments, and the trial court's instructions to the jury. The jury was instructed that Leizerman's act of riding his bicycle on the sidewalk constituted negligence and that his negligence proximately caused injury to himself. The jury was then asked to determine whether Kanous was negligent and whether Kanous's negligence proximately caused the accident. If the jury found Kanous negligent and found

that his negligence caused the accident, the jury was instructed to apportion percentages of fault to each party.

{¶ 6} The jury unanimously found that Kanous was not negligent, and it did not proceed to allocate fault. From that judgment, Leizerman presents two assignments of error for our review:

{¶ 7} "I. The trial court erred as a matter of law to the plaintiff/appellant's prejudice in holding that a violation of Toledo Municipal Code Section 373.12(C), which prohibits persons over the age of fifteen from riding a bicycle upon a sidewalk, constitutes negligence per se, instead of an issue of comparative negligence for the trier of fact's determination.

{¶ 8} "II. The trial court erred as a matter of law to plaintiff/appellant's prejudice in overruling plaintiff/appellant's proposed jury instructions pertaining to defendant/appellee's duty to yield to pedestrians on a sidewalk, which would also include a bicyclist."

{¶ 9} As to Leizerman's first assigned error, we review the trial court's grant of summary judgment de novo, applying the same standard used by the trial court. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Civ.R. 56(C) provides:

{¶ 10} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule."

{¶ 11} Summary judgment is proper where (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) when the evidence is viewed most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, a conclusion adverse to the nonmoving party. *Tokles & Son, Inc. v. Midwestern Indemn. Co.* (1992), 65 Ohio St.3d 621, 629, 605 N.E.2d 936.

{¶ 12} Toledo Municipal Code 373.12 prohibits persons over the age of 15 years from riding bicycles on sidewalks in business districts or on sidewalks that are parallel to any public street with a speed limit of under 35 m.p.h. The trial court agreed with Kanous's argument on summary judgment that Leizerman's violation of Toledo Municipal Code 373.12 constituted negligence per se.

{¶ 13} "In order to recover on a negligence claim, a plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiff's

injury. * * * Typically, a duty may be established by common law, legislative enactment, or by the particular facts and circumstances of the case. *Eisenhuth v. Moneyhon* (1954), 161 Ohio St. 367[, 53 O.O. 274, 119 N.E.2d 440], paragraph one of the syllabus. Where a legislative enactment imposes a specific duty for the safety of others, failure to perform that duty is negligence per se. *Eisenhuth* at paragraph two of the syllabus. Application of negligence per se in a tort action means that the plaintiff has conclusively established that the defendant breached the duty that he or she owed to the plaintiff. It is not a finding of liability per se because the plaintiff will also have to prove proximate cause and damages. *Pond v. Leslein* (1995), 72 Ohio St.3d 50, 53[, 647 N.E.2d 477]." *Chambers v. St. Mary's School* (1998), 82 Ohio St.3d 563, 565, 697 N.E.2d 198.

{¶ 14} On appeal, Leizerman and Kanous extensively argue as to whether Leizerman, as a bicyclist, was within the class of persons Toledo Municipal Code 373.12 protects. They also argue whether, if the ordinance does protect bicyclists, Leizerman could have breached a duty to himself.

{¶ 15} We agree with the trial court's reasoning. The prohibition of bicyclists on sidewalks protects not only pedestrians, but also the bicyclists themselves. Toledo Municipal Code 373.13 authorizes police to seize and impound a bicycle that is "ridden or operated in violation of the terms and conditions of this Traffic Code in such a way that *the safety of the rider or other person* are seriously endangered * * *."

{¶ 16} Leizerman argues that in this case, the key determination is whether the violated ordinance protects Kanous, not himself. Since, he argues, the prohibition of riding bicycles on sidewalks was not meant to protect cars exiting driveways, his violation of the ordinance cannot constitute negligence per se. In support, he focuses on the aspect of negligence per se that requires the ordinance to impose a specific duty for the safety of *others*, not himself.

{¶ 17} We disagree. A plaintiff can be negligent per se with respect to his own injuries if (1) the plaintiff breached a specific duty of safety imposed by legislative enactment and (2) the plaintiff is included in the class of persons for whose benefit the specific duty of safety was enacted. *Bobbitt v. Ruymann* (June 16, 1992), 10th Dist. No. 91AP–1423, 1992 WL 142372. In this sense, it is similar to the defense of assumption of the risk, which has merged with comparative negligence. *Borchers v. Winzeler Excavating Co.* (1992), 83 Ohio App.3d 268, 614 N.E.2d 1065.

{¶ 18} A finding of negligence per se does not automatically constitute liability per se. *Chambers*, 82 Ohio St.3d at 565, 697 N.E.2d 198, citing *Pond v. Leslein*, 72 Ohio St.3d at 53, 647 N.E.2d 477. Although a plaintiff may have breached a specific duty of safety towards himself, the defendant, for comparative-negligence

584

purposes, must still demonstrate that the plaintiff's negligence was a proximate cause of the plaintiff's injuries.

{¶ 19} Here, the trial court erred in finding Leizerman comparatively negligent because he was negligent per se and in granting Kanous's motion for summary judgment. Reasonable minds could differ as to whether, but for Leizerman's violation of the statute, the accident would not have occurred. In other words, the fact that Leizerman breached a duty of care towards himself does not conclusively establish that he caused his own injuries. Issues of proximate cause and comparative negligence are ordinarily for the trier of fact to determine. *Bird v. Hart* (1965), 2 Ohio St.2d 9, 11, 31 O.O.2d 5, 205 N.E.2d 887; *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 646, 597 N.E.2d 504.

{¶ 20} Leizerman's first assignment of error is well taken. Due to our disposition of Leizerman's first assignment of error, the second assignment of error is moot.

{¶ 21} The judgment of the Lucas County Court of Common Pleas is reversed. This case is remanded to the trial court for proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.

Judgment reversed.

PIETRYKOWSKI and OSOWIK, JJ., concur.