**BLUST et al., Appellants,**

v.

**LAMAR ADVERTISING OF MOBILE, INC., et al., Appellees.**

[Cite as *Blust v. Lamar Advertising of Mobile, Inc.,*
183 Ohio App.3d 478, 2009-Ohio-3947.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22917.

Decided Aug. 7, 2009.

John Huber, A. Mark Segreti Jr., and David G. Roach, for appellants.

Tucker, Ellis & West, L.L.P., Irene C. Keyse–Walker, and Jon W. Oebker; and Nicholas E. Subashi, for appellees.

GRADY, Judge.

{¶ 1} In 1998, agents for Lamar Advertising Company who were engaged in erecting an advertising billboard on land abutting a farm owned by John and Jean Blust entered the Blusts' property and removed a woodland growth of 34 trees that were growing wild.

{¶ 2} The Blusts commenced an action against Lamar on several claims for relief. Following a trial, the jury returned verdicts awarding the Blusts $32,000 in compensatory damages and $2,245,105 in punitive damages. Following an evidentiary hearing, the trial court awarded the Blusts $88,250 for their attorney fees.

{¶ 3} Lamar moved for a new trial. Finding the punitive-damages award excessive, the court ordered a remittitur of the punitive-damages award to $550,316.80, with half to be allocated to a charitable nature preserve. The Blusts declined the remittitur. The court then ordered a new trial on all issues, including compensatory damages and attorney fees. The Blusts appealed from that final order.

{¶ 4} On review, we held that the trial court did not err in finding the jury's punitive-damages award excessive and ordering a new trial on that issue. However, we held that the court abused its discretion in ordering a new trial on the other issues in the case. We also held that with respect to the issue of punitive damages, the jury's finding that the Blusts are entitled to punitive damages in some amount should not be disturbed, and we therefore directed the trial court to limit a new trial to the issue of the proper amount of punitive damages. *Blust v. Lamar Advertising Co.*, 157 Ohio App.3d 787, 2004-Ohio-2433, 813 N.E.2d 902, at ¶ 20 (*"Blust I"*).

{¶ 5} On remand, the trial court submitted both the issue of punitive damages and the issue of attorney fees to the jury. The jury awarded $66,000 in punitive damages but no attorney fees. The trial court entered a judgment on those verdicts. The Blusts appealed from that final judgment.

## FIRST ASSIGNMENT OF ERROR

{¶ 6} "The unappealed judgment of the trial court on the issue of attorneys fees was unaffected by the reversal and remand on other issues and was res judicata and/or law of the case between the parties and binding on the trial court on remand."

{¶ 7} In *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 635 N.E.2d 331, the Supreme Court held that where actual malice necessary to an award of punitive damages is proved, but the amount awarded is excessive, the remand following a reversal should be limited to determining the amount of punitive damages to be awarded. We followed and applied the rule of *Moskovitz* in *Blust I.*

{¶ 8} On remand, the trial court was apparently persuaded that our reversal of the $2,245,105 punitive-damages award undermined the finding of malice on which the court in the prior trial had awarded the Blusts attorney fees of $88,250. The trial court erred in so finding, because *Moskovitz* does not require rejection of a finding of malice merely because the amount of punitive damages awarded is excessive.

{¶ 9} In *Blust I,* we reversed the final judgment granting Lamar's motion for a new trial on all issues. That judgment restored the award of attorney fees that the trial court had ordered. The special mandate we ordered pursuant to App.R. 27 was limited to the amount of punitive damages to be awarded.

{¶ 10} The law-of-the-case doctrine holds that the decision of the reviewing court in a case remains the law of that case on the questions of law involved for all subsequent proceedings at the trial and appellate levels. *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410. The doctrine functions to compel trial courts to follow the mandates of reviewing courts. *Thatcher v. Sowards* (2001), 143 Ohio App.3d 137, 757 N.E.2d 805. "Moreover, the trial court is without authority to extend or vary the mandate." Id. at 142, 757 N.E.2d 805.

{¶ 11} The trial court erred when it varied from our mandate in *Blust I* and extended its requirement of a new trial on the amount of punitive damages to be awarded to also include the issue of attorney fees.

{¶ 12} The first assignment of error is sustained.

## SECOND ASSIGNMENT OF ERROR

{¶ 13} "The trial court erred and/or abused its discretion in failing to correct its judgment awarding attorneys fees where a clerical error is apparent on the record."

{¶ 14} In the first trial, after finding that the Blusts are entitled to an award of attorney fees at the rate of $200 per hour for the services each of their two counsel had performed, the court wrote:

{¶ 15} "The question of how many hours for which the Plaintiffs should be compensated for this case is not as easily resolved. While during the Post–Trial Hearing it was indicated that the Plaintiffs' counsel had dedicated over 550 hours to this case, there was nothing offered into evidence by virtue of testimony or exhibit that would support this estimation. Instead, the only evidence on record is the Post–Trial Hearing testimony offered by Attorney Huber that he had spent 325.25 hours working on the case and from Attorney Roach that he had spent 116.0 hours working on the case, a total of 441.25 hours. As such was the evidence placed on record by the Plaintiffs during the Post Trial Hearing, the Court will fix the number of hours at this figure. Thus multiplying the $200.00 hourly rate by 441.25 hours, the Court calculates a figure of $88,250.00. As such, the Court sustains Plaintiffs' Motion for Attorneys Fees and orders Defendant to render payment of such in the amount of $88,250.00."

{¶ 16} Following our decision in *Blust I,* and during the proceedings on the remand we ordered, the Blusts moved pursuant to Civ.R. 60(A) to correct the amount of attorney fees awarded. The Blusts argued that the court had committed a clerical error in its calculations, pointing out that the record on which the court said it relied showed that attorney Huber had spent 425.25 hours on the case, not the 325.25 hours the court employed in its calculations. On that basis, the Blusts are entitled to an award including the 100–hour difference, for an additional amount of $20,000.

{¶ 17} The greater number of hours spent by attorney Huber, 425.25 hours, in addition to the 116 hours spent by attorney Roach, total 541.25 hours. The court rejected the Blusts' contention that their two attorneys "had dedicated over 550 hours to this case," and denied the Blusts' request for Civ.R. 60(A) relief. The lesser total of 541.25 hours is not excluded by the finding that the court made.

{¶ 18} Civ.R. 60(A) states:

{¶ 19} "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court."

{¶ 20} "Civ.R. 60(A) permits a trial court, in its discretion, to correct clerical mistakes which are apparent on the record, but does not authorize a trial

court to make substantive changes in judgments. * * * The term 'clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record which does not involve a legal decision or judgment." *State ex rel. Litty v. Leskovyansky* (1996), 77 Ohio St.3d 97, 100, 671 N.E.2d 236. Such "entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 164, 656 N.E.2d 1288.

{¶ 21} In a case cited with approval in *Leskovyansky,* the Ninth District Court of Appeals wrote:

{¶ 22} "The basic distinction between clerical mistakes that can be corrected under Civ.R. 60(A) and substantive mistakes that cannot be corrected is that the former consists of 'blunders in execution' whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because, on second thought, it has decided to exercise its discretion in a different manner." *Londrico v. Delores C. Knowlton, Inc.* (1993), 88 Ohio App.3d 282, 623 N.E.2d 723.

{¶ 23} The trial court found that the alleged error the Blusts asked the court to correct was not clerical but substantive, and we agree. Their contention that the court in the first trial [1] employed an incorrect figure of 325.25 hours for the time attorney Huber spent, instead of the 425.25 hours to which he testified and on which the court purported to rely, amounts to a contention that the court made a factual mistake in its determination, *Londrico,* that prevented the court from making the decision it intended to make. *Steiner.* Therefore, the change that the Blusts requested was substantive, and the trial court did not err when it denied the Civ.R. 60(A) motion the Blusts had filed.

{¶ 24} The second assignment of error is overruled.

### THIRD ASSIGNMENT OF ERROR

{¶ 25} "The trial court erred and/or abused its discretion in failing to respond to jury's inquiry about allocating punitive damages to a charity."

{¶ 26} The jury during its deliberations asked the court the following question concerning an award of punitive damages: "Can money be awarded be allocated to a nonprofit organization on Plaintiffs' behalf?"

{¶ 27} Counsel for the Blusts took the position that such an allocation, which was approved in *Dardinger v. Anthem Blue Cross & Blue Shield,* 98 Ohio St.3d

---

1. The issue is made more difficult by the fact that a different judge presided in the second trial and was required to rule on the Civ.R. 60(A) motion that the Blusts filed.

77, 2002-Ohio-7113, 781 N.E.2d 121, is properly made by the court from an amount of punitive damages the jury has awarded, and asked the court to so instruct the jury and to indicate that the jury's "function is to determine the appropriate amount which will serve as a deterrent." The court rejected that request and instead instructed the jury as follows:

{¶ 28} "Your job in this case is to determine what amount the punitive damages should be awarded in this case based on the evidence presented to you. You must accept the Court's instructions and apply the law as it was given to you. This includes the form of the verdict."

{¶ 29} A trial court must give the jury an accurate and complete instruction on the law governing the verdicts the jury is asked to return. *Marshall v. Gibson* (1985), 19 Ohio St.3d 10, 19 OBR 8, 482 N.E.2d 583. The trial court has discretion to determine its response to a question the jury poses. *State v. Carter* (1995), 72 Ohio St.3d 545, 651 N.E.2d 965. We therefore may not reverse absent an abuse of that discretion. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 30} The Blusts argue that the jury's question should have alerted the court that the jury had improperly become concerned with whether the Blusts would receive an "extra benefit" from a punitive-damages award, instead of determining the amount of punitive damages necessary to punish Lamar and deter future misconduct. The Blusts argue that, from the fact, that "the jury then returned a verdict for only $62,000 in punitive damages for this multi-million dollar company, it is apparent that the jury lost its way and the trial court's failure means the Blusts are entitled to a new trial."

{¶ 31} The problem with this contention is that it is wholly speculative. The jury or some of its members might have returned a larger verdict had they known that the court could, per *Dardinger*, allocate part of the award to a charity. However, there is no way from this record to know that or whether in that event, the jury would have returned a larger verdict.

{¶ 32} The instruction on punitive damages that the court gave as part of its general instructions told the jury that the purpose of punitive damages is "to punish the offending party and to make the offending party an example to discourage others from similar conduct," that the amount of punitive damages awarded should be "fair and reasonable" in relation to the "reprehensibility" of Lamar's conduct, and that among the factors to be considered in that connection is "the net worth of Defendant." The jury is presumed to have followed the court's instructions in arriving at a verdict. We cannot find that the court abused

its discretion in referring the jury to that instruction when responding to the question the jury posed.

{¶ 33} The third assignment of error is overruled.

## FOURTH ASSIGNMENT OF ERROR

{¶ 34} "The trial court erred and/or abused its discretion in failing to charge the jury on the potential harm from Lamar's conduct since evidence of potential psychological harm was in evidence."

{¶ 35} The Blusts argue that because the court permitted them to introduce evidence of the potential psychological harm they suffered from Lamar's destruction of the trees on the Blusts' land, the court was required to instruct the jury that the Blusts are entitled to damages to compensate them for that harm.

{¶ 36} A landowner who is not the occupant of land the value or use of which is diminished as a result of a nuisance may not recover damages for annoyance and discomfort the landowner suffers as a result. *Reeser v. Weaver Bros., Inc.* (1992), 78 Ohio App.3d 681, 605 N.E.2d 1271.

{¶ 37} The wrong committed by Lamar that resulted in the diminution in value or use of the Blusts' land was not a nuisance, but it was likewise a common-law tort. The record suggests that the Blusts did not occupy the land from which the trees were removed. In that event, it is questionable whether they are entitled to damages for the potential psychological harm they claim they may suffer. Nevertheless, any such error is waived for purposes of this appeal because the Blusts failed to object to the court's failure to give the instruction to which they claim they were entitled. Civ.R. 51(A). Neither is plain error demonstrated. *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 679 N.E.2d 1099.

{¶ 38} The fourth assignment of error is overruled.

## FIFTH ASSIGNMENT OF ERROR

{¶ 39} "The trial court erred and/or abused its discretion in refusing to grant plaintiffs a new trial or additur because the damages awarded by the jury was inadequate in light of the record."

{¶ 40} The Blusts argue that the $62,000 punitive-damages award is inadequate to accomplish the purposes of punishment and deterrence for which punitive damages are property awarded. They point out the punitive damages awarded in the first trial were $2,245,105. They also point out that an award for recklessly cutting trees authorized by R.C. 901.51, which provides for treble damages, would have resulted in a compensatory-damages award of $96,000. Finally, the Blusts

point out that Lamar is a multimillion dollar company, in relation to which the $62,000 the jury awarded is not significant.

{¶ 41} The prior damage award was deemed excessive, and therefore offers no comparative basis to rationally evaluate the punitive damages of $62,000 that the jury awarded. Having declined the remittitur to $500,000, less half to a charity the court ordered, the Blusts' reliance on that amount in support of their argument is misplaced.

{¶ 42} The evidence shows that Lamar's leasing agent, acting against warnings that the trees were not located on a neighbor's adjoining land, nevertheless ordered the trees on the Blusts' land removed. That conduct was of a singular nature and not likely of repetition. Deterrence is therefore a lesser aim to be served. In view of the size of Lamar's business, the jury could have awarded damages in a larger amount as punishment. However, we cannot find that the jury lost its way in awarding the Blusts $62,000 in punitive damages, such that the trial court erred or abused its discretion in denying their motions for a new trial or an additur.

{¶ 43} The fifth assignment of error is overruled.

Conclusion

{¶ 44} Having sustained the first assignment of error, we will order the judgment which the appeal was taken modified to award the Blusts attorney fees of $88,250. As modified, the judgment will be affirmed.

Judgment affirmed.

BROGAN and FAIN, JJ., concur.