KOOYMAN, Appellee,

v.

STAFFCO CONSTRUCTION, INC., Appellant.

[Cite as *Kooyman v. Staffco Constr., Inc.*, 189 Ohio App.3d 48, 2010-Ohio-2268.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2009 CA 27.

Decided May 21, 2010.

50

James E. Heath, for appellee.

Edward J. Dowd and Brendan D. Healy, for appellant.

FROELICH, Judge.

{¶ 1} Staffco Construction, Inc., appeals from a jury verdict that awarded $44,000 to Gregory Kooyman for injuries sustained in a motorcycle accident at a road-excavation site.

{¶ 2} Before the matter went to trial, the trial court granted summary judgment in favor of Kooyman on the issues of negligence and proximate causation. Staffco raises three assignments of error, which challenge the summary judgment. For the reasons discussed herein, the judgment is reversed, and the matter is remanded for further proceedings.

I

{¶ 3} In March 2005, Staffco obtained a permit from the city of Springfield to excavate three small sections of Cliff Park Drive in Veterans' Memorial Park, and the city temporarily closed the road. Staffco dug trenches through the road, laid some piping, and then backfilled the trenches with gravel. The city reopened the road, but it had not yet been repaved, and some construction signs remained in place. On May 31, 2005, Kooyman was injured when he lost control of his motorcycle on Cliff Park Drive near one of the unpaved trenches.

{¶ 4} On November 7, 2005, Kooyman filed a complaint in the Clark County Court of Common Pleas, alleging that Staffco had "negligently failed to erect and maintain appropriate traffic control devices [and] signing" and had otherwise failed to comply with the Ohio Manual of Uniform Traffic Control Devices, had negligently failed to backfill and restore the trench as required by its permit, and had thereby caused him to incur injury, pain, and medical expenses. Staffco answered and filed a third-party complaint against the city of Springfield.[1]

{¶ 5} On February 28, 2007, the city filed a motion for summary judgment on Staffco's third-party complaint, arguing that Staffco had failed to comply with city ordinances and that the city, as a political subdivision, was immune from liability under R.C. 2744.02. Kooyman also filed a motion for summary judgment against Staffco "as to liability" because Staffco had not properly backfilled one of the trenches and had not notified the city, in writing, that the trench was ready to be repaved, as required by Springfield Codified Ordinance ("S.C.O.") 901.12.

---

1. Kooyman subsequently amended his complaint twice to include United Healthcare of Ohio, Inc., and American Family Insurance Group, because these companies had paid portions of his medical expenses related to the accident. United Healthcare and American Family asserted cross-claims against Staffco; American Family also filed a counterclaim against Kooyman for reimbursement of its expenditures. American Family later dismissed its cross-claim. These claims are not relevant to this appeal. The city did not file a claim against Staffco.

{¶ 6} The trial court granted summary judgment in favor of the city and Kooyman. It concluded that Staffco had "the legal responsibility of restoring the opening [trench]" and had negligently failed to do so in violation of the city ordinance and the terms of the permit application. It further concluded that the city was "faultless." It did not address the issue of political-subdivision immunity. Although it did not resolve all of the issues in the case, the trial court's decision on the motion for summary judgment contained a notation that it was a "Final Appealable Order." Staffco filed a notice of appeal.

{¶ 7} On appeal, we characterized the trial court's holding as follows: "Staffco was negligent per se for its failure to comply with an applicable ordinance of the City of Springfield. The court did not address the issues of proximate cause or damages." We concluded that the summary judgment was not a final order and that we lacked jurisdiction to review it because some issues related to liability— particularly, proximate causation and damages—had not been addressed. We noted that the "court's erroneous 'Final Appealable Order' pronouncement did not make it so." We dismissed the appeal for lack of a final order. *Kooyman v. Staffco Constr., Inc.*, Clark App. No. 07CA38, 2008-Ohio-2890, 2008 WL 2404171.

{¶ 8} The matter proceeded to trial against Staffco in February 2009. After voir dire of the jury, but before the opening statements, the trial court expressed to counsel its view that it had, in fact, granted summary judgment on the issue of proximate causation as well as breach of duty, although perhaps it had not stated this ruling "as thoroughly as [the court of appeals] would have liked." Thus, the matter proceeded to trial on the issue of damages only, over Staffco's objection. Staffco proffered evidence related to negligence, "comparative fault," and proximate causation. After a one-day trial, the jury returned a verdict of $44,000 in favor of Kooyman.

{¶ 9} Staffco raises three assignments of error on appeal.

## II

{¶ 10} Staffco's first assignment of error states:

{¶ 11} "The court of common pleas erred as a matter of law in holding that plaintiff-appellee established a prima facie case of negligence against Staffco Construction, Inc."

{¶ 12} Staffco contends that the trial court erred in granting summary judgment on the issue of breach of duty (i.e., negligence) because Kooyman failed to establish any of the elements of negligence. Specifically, Staffco argues that the trial court erred in finding that it had violated S.C.O. 901.12 or the permit application and that even if it did violate the ordinance or permit requirements, the trial court erred in concluding that such a violation constituted a "prima

facie"[2] case of negligence. Staffco also contends that the trial court erred in concluding as a matter of law that there was no genuine issue of material fact as to whether Staffco's actions proximately caused Kooyman's injuries.

{¶ 13} Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. Our review of the trial court's decision to grant summary judgment is de novo. See *Helton v. Scioto Cty. Bd. of Commrs.* (1997), 123 Ohio App.3d 158, 162, 703 N.E.2d 841.

{¶ 14} S.C.O. Chapter 901 deals with "Improvements and Excavations." It forbids any person from making any opening or excavation in any street or alley or from removing any pavement from any street or alley unless that person (1) is employed by or under contract with a public utility to do such work or (2) is licensed under the Codified Ordinances to do so and has applied for and been issued a permit by the city manager. S.C.O. 901.05. The ordinances further state that as part of the fee structure for obtaining a permit, "an applicant shall deposit with the City a sum of money sufficient to restore the street or alley as nearly as is reasonably possible to a condition as good or better as existed prior to the opening or excavation of the street or alley." S.C.O. 901.08(C). The applicant has the option of restoring the street or alley to the city's satisfaction, in which case it will get a full refund of the deposit, or of allowing the city to restore the street with the funds placed on deposit. It is undisputed that Staffco had obtained a permit for the work it performed on Cliff Park Drive and had paid a deposit of more than $3,500 for the city to restore the street.

{¶ 15} S.C.O. 901.12, entitled "Application to Refill and Restore; Liability," is the section on which the trial court relied in granting summary judgment. It provides:

{¶ 16} "When any such opening or excavation in any paved street or alley is ready for refilling, or such pavement or street surface is ready for relaying, repaving or resurfacing, written notice thereof shall be given by the person

---

**2.** Establishing a "prime facie" case of negligence is not a sufficient basis for summary judgment, and the trial court did not use this language. We believe that Staffco means to say "negligence per se," which is how we characterized the trial court's finding in our prior opinion.

performing such work to the City Manager, who shall take charge of the work and proceed to refill such opening or excavation and to restore the pavement and street surface to its original condition. Such applicants and all others upon whose behalf such application was made, shall be liable to the City for any claim, loss or damage which may result, directly or indirectly, to persons or property by reason of any such opening or excavation being made or pavement removed, or by reason of the same being not properly guarded or protected by lights, barriers or otherwise, so as to prevent injury therefrom. Such liability shall continue until the person performing such work has received written notice from the City Manager that the City has taken over such work."

{¶ 17} The trial court found, as a matter of law, that Staffco failed to complete the restoration of the opening pursuant to S.C.O. 901.12 or to properly notify the city that the excavation site was ready for repaving or resurfacing and could not "be legally relieved of responsibility" until it notified the city in writing and obtained a written notice from the city that the city "has taken over such work." Based on these findings, the court concluded that Staffco had been negligent per se for its failure to comply with S.C.O. 901.12, and it granted summary judgment to Kooyman and the city of Springfield. Staffco asserts that the trial court's conclusion was erroneous.

{¶ 18} In order to recover on a negligence claim, a plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiff's injury. *Chambers v. St. Mary's School* (1998), 82 Ohio St.3d 563, 565, 697 N.E.2d 198, citing *Wellman v. E. Ohio Gas Co.* (1953), 160 Ohio St. 103, 108–109, 51 O.O. 27, 113 N.E.2d 629. Typically, a duty may be established by common law, legislative enactment, or, in the absence of legislative enactment or judicial decision, by the particular facts and circumstances of the case. *Eisenhuth v. Moneyhon* (1954), 161 Ohio St. 367, 119 N.E.2d 440, paragraph one of the syllabus.

{¶ 19} Not every violation of a provision of law or ordinance constitutes negligence per se. Id. at 372–373, 53 O.O. 274, 119 N.E.2d 440. Where, for the safety of others, a legislative enactment commands or prohibits the doing of a specific act, and there is a violation of such an enactment by one who has a duty to obey it, such a violation constitutes negligence per se. Id. at paragraph three of the syllabus. Where, on the other hand, a legislative enactment for the safety of others sets forth a rule of conduct in general or abstract terms, liability must be determined by the application of the test of due care as exercised by a reasonably prudent person under the circumstances of the case, and negligence per se has no application. Id. In the absence of definite and specific require-

ments in a statute or ordinance that have been violated, the acts and conduct of the parties must be measured by the circumstances of each case. *Swoboda v. Brown* (1935), 129 Ohio St. 512, 520–521, 2 O.O. 516, 196 N.E. 274. "The distinction between negligence and 'negligence per se' is the means and method of ascertainment. The first must be found by the jury from the facts, the conditions, and circumstances disclosed by the evidence; the latter is a violation of a specific requirement of law or ordinance; the only fact for determination by the jury being the commission or omission of the specific act inhibited or required. * * * [W]here duties are undefined, or defined only in abstract or general terms, leaving to the jury the ascertainment and determination of [the] reasonableness and correctness of acts and conduct under the proven conditions and circumstances, the phrase 'negligence per se' has no application." Id. at 522–523, 2 O.O. 516, 196 N.E. 274. The trial court concluded that Staffco was negligent per se because it had failed to comply with the S.C.O. 901.12 requirement that it notify the city manager that its excavation was ready to be repaved; in the absence of such notice, the ordinance placed continuing liability on Staffco. There are several problems with this conclusion. First, S.C.O. 901.12 cannot be fairly construed as an ordinance that imposed a specific duty for the protection of others, as envisioned by the cases discussing negligence per se. See, e.g., *Swoboda,* 129 Ohio St. at 521–522, 2 O.O. 516, 196 N.E. 274 (holding that provisions of an ordinance that prohibit passing another vehicle at an intersection and driving a vehicle when not under control and that require a signal before passing another vehicle going in the same direction "are absolute and specific requirements, the violation of which constitutes negligence per se"); *Eisenhuth,* 161 Ohio St. at 372, 53 O.O. 274, 119 N.E.2d 440 (concluding that statute regarding turns and signaling in traffic, which required "exercise [of] due care" and "giving an appropriate signal * * * in sufficient time," did not impose specific requirements the violation of which constitutes negligence per se). S.C.O. 901.12 can be more accurately described as an ordinance distributing liability between the city and the permit applicant, akin to an indemnification provision. Because the ordinance cannot reasonably be construed as imposing a duty for the public safety, it could not form the basis of a finding of negligence per se.

{¶ 20} Even if we agree with the trial court's finding that Staffco remained liable to the city "for any claim, loss or damage which may result, directly or indirectly, to persons or property" by reason of the excavation or because the excavation was "not properly guarded or protected by lights, barriers, or otherwise, so as to prevent injury therefrom," because it had not notified the city of the need for repaving in writing, Staffco's liability to Kooyman would still need to be established. The fact that, as between the city and Staffco, Staffco was still liable for the excavation site pursuant to S.C.O. 901.12 did not eliminate all genuine issues of material fact as to whether Staffco had breached

its duty to maintain and mark the construction site. Thus, the trial court erred in granting summary judgment based on the failure to comply with the ordinance.

{¶ 21} The trial court also relied on the provisions written on the back of the permit application in concluding that Staffco had acted negligently. The back of the "Application & Permit for Street Reopening," which was created by the Department of Engineering, contained several "Regulations." These included the need to "erect and maintain appropriate traffic control devices, * * * warning lights and plating of trenches" and the type and configuration of backfill required for certain trenches. The trial court relied, at least in part, on the provisions contained in the permit application as its basis for finding of negligence per se. However, administratively enacted provisions cannot form the basis of a finding of negligence per se. *Chambers,* 82 Ohio St.3d at 568, 697 N.E.2d 198. Allowing an administrative rule to form the basis of a finding of negligence per se "would in effect bestow upon administrative agencies the ability to propose and adopt rules which alter the proof requirements between litigants. Altering proof requirements is a public policy determination more properly determined by the General Assembly because the General Assembly, as opposed to administrative agencies, has the authority and accountability to dictate public policy. Giving administrative agencies the ability to adopt such rules would be tantamount to an unconstitutional delegation of legislative authority, since administrative agencies cannot dictate public policy." Id.

{¶ 22} The violation of an administrative rule may, in some circumstances, be admissible as evidence of negligence, but it does not constitute negligence per se. Id. Thus, the trial court erred in relying on the "Regulations" on the back of the permit application as a basis for a finding of negligence per se because they had not been enacted by the General Assembly or the Springfield City Council. The nature of the ordinance at issue did not support a finding of negligence per se, and the trial court erred in relying on administrative regulations in finding negligence per se.

{¶ 23} Staffco also claims that the trial court erred in granting summary judgment on proximate causation for three reasons: Kooyman did not seek summary judgment on proximate causation, Kooyman presented no evidence that Staffco's actions were the proximate cause of his injuries, and the law of the case, as established by our prior decision, was that proximate causation had not been resolved by the trial court's earlier judgment.

{¶ 24} Kooyman's motion sought summary judgment on "liability"; he did not frame his argument in terms of duty, breach of duty, and/or proximate causation. Although the term "liability" could be interpreted to encompass proximate causation, Kooyman's argument in the motion did not. His argument

relied only on Staffco's alleged failures to comply with S.C.O. 901.12 and the requirements of the permit application. "[A] party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." *Ferro Corp. v. Blaw Knox Food & Chem. Equip. Co.* (1997), 121 Ohio App.3d 434, 443, 700 N.E.2d 94, citing *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798. "If a party files a motion based upon some, but not all, issues in a case, the trial court should restrict its ruling to those matters raised." *Brown v. Vaniman* (Oct. 20, 2000), Montgomery App. No. 18139, 2000 WL 1546479, *2, citing *Ferro*. Thus, the trial court should not have granted summary judgment on the issue of proximate causation.

{¶ 25} Moreover, even if the court could have considered and/or did consider proximate cause, the depositions that were filed in conjunction with the motion for summary judgment and Staffco's response created a genuine issue of material fact as to whether the excavation had been the proximate cause of Kooyman's injuries. Kooyman stated in his deposition that he "hit this hole" at a speed of 20 m.p.h., which caused his bike to "pull away" from him. He also claimed that the unpaved channel had been shaded by a tree at the time of the accident and that the backfilled gravel had not been "maintained." City engineering workers testified in depositions, however, that the backfill had been inspected before the road had been reopened, that no concerns had arisen therefrom, and that they had received no complaints about the condition of the road. The city engineering field supervisor acknowledged, based on the pictures presented at this deposition, that there had been a "depression in the backfill of that trench," but he stated that the city would not have reopened the road to the public if there had been any problem with the excavation, or would have ordered plating of the trench if it had thought such a precaution was necessary.

{¶ 26} A city engineering technician also testified by deposition. He stated that gravel backfill is generally adequate on a road with low traffic volume, such as Cliff Park Drive, and that repaving had been scheduled (coincidentally) to begin on the day of the accident based on an oral request from Staffco that the city repave the road. The engineering technician also testified that when he visited the site on May 31, 2005 (the day of the accident), before the trench in question was repaved, "everything was properly barricaded where they were working, and [he had] not heard any complaints and * * * didn't see anything that was upsetting. * * * [H]e didn't observe anything [alarming], there wasn't any tires squealing, scraping, [he] didn't even hear people slowing down." The technician had not been aware of the accident. Because this evidence, construed most strongly in Staffco's favor, created a genuine issue of material fact as to

proximate causation, the trial court should not have granted summary judgment on that issue even if it had been properly raised.

{¶ 27} Finally, Staffco argues that because in our decision dismissing the earlier appeal, we held that the issue of proximate causation was unresolved, the trial court could not thereafter ignore the "law of the case" and conclude that in fact, it had resolved that issue in Kooyman's favor.

{¶ 28} " 'The law-of-the-case doctrine holds that the decision of the reviewing court in a case remains the law of that case on the questions of law involved for all subsequent proceedings at the trial and appellate levels. *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410 * * *. The doctrine functions to compel trial courts to follow the mandates of reviewing courts. *Thatcher v. Sowards* (2001), 143 Ohio App.3d 137, 140–141, 757 N.E.2d 805 * * *.' " *Hardy v. Hardy,* Montgomery App. No. 22964, 2010-Ohio-561, 2010 WL 580994, at ¶ 8, quoting *Blust v. Lamar Advertising of Mobile, Inc.,* 183 Ohio App.3d 478, 2009-Ohio-3947, 917 N.E.2d 373, ¶ 10.

{¶ 29} Our prior statement that the issue of proximate causation remained unresolved was not a "mandate" for the trial court to follow because, of course, we intended for the issue to be resolved in the trial court. However, regardless of whether the law-of-the-case doctrine applied to this situation, our holding that the trial court erred in granting summary judgment on the issues of negligence and proximate causation requires further consideration of these issues on remand.

{¶ 30} The first assignment of error is sustained.

III

{¶ 31} Staffco's second and third assignments of error state:

{¶ 32} "The court erred in denying appellant's affirmative defense of comparative negligence, as issues of fact remain as to whether plaintiff's own negligence was the cause of his injuries.

{¶ 33} "The trial court erred as a matter of law and to the prejudice of defendant-appellant when it precluded defendant-appellant from introducing any evidence or argument on plaintiff's comparative negligence and/or the issue of proximate causation at the time of trial."

{¶ 34} Staffco claims that it should have been permitted to raise an affirmative defense of comparative negligence notwithstanding the trial court's finding of negligence per se. It also reiterates the argument that it should have been allowed to present evidence at trial as to proximate causation.

{¶ 35} "Application of negligence per se in a tort action means that the plaintiff has conclusively established that the defendant breached the duty that he or she owed to the plaintiff. It is not a finding of liability per se because the plaintiff will also have to prove proximate cause and damages." *Leizerman v. Kanous*, 181 Ohio App.3d 579, 2009-Ohio-1469, 910 N.E.2d 26, at ¶ 13, citing *Pond v. Leslein* (1995), 72 Ohio St.3d 50, 53, 647 N.E.2d 477, and *Chambers*, 82 Ohio St.3d at 565, 697 N.E.2d 198. Staffco correctly points out that notwithstanding a finding of negligence per se, a defendant may still show comparative negligence by demonstrating that the plaintiff's negligence was the cause of the plaintiff's injuries. *Leizerman* at ¶ 18. However, our discussion above, wherein we concluded that the trial court erred in finding negligence per se, disposes of this argument.

{¶ 36} Likewise, our determination that summary judgment on the issue of proximate cause was improper disposes of Staffco's argument that it should have been allowed to present evidence at trial on that issue.

{¶ 37} The second and third assignments of error are overruled as moot.

IV

{¶ 38} The judgment of the trial court is reversed, and the matter is remanded for further proceedings.

Judgment accordingly.

DONOVAN, P.J., and BROGAN, J., concur.